UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-126-JMH

DARVIS G. MCINTOSH, JR.                                                      PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, *Warden*                                       RESPONDENT

Darvis G. McIntosh, Jr., an individual in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Medical Center, in Lexington, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

This Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears on its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

Accordingly, the Court has reviewed the instant Petition [Record No. 2]. For the reasons explained below, the Petition will be denied and this proceeding will be dismissed.

## ALLEGATIONS AND CLAIMS

According to McIntosh's Petition and attachments, he pled guilty in this Court to conspiracy to distribute Oxycodone, in *United States v. McIntosh*, 5:09-CR-91-JBC. On January 13, 2010, he was sentenced to a 13-month incarceration and 3 years of supervised release.

1

Record No. 186. He took no appeal. An attached March 2, 2010, print-out of the BOP's calculation of his sentence, reveals that with the assumption that he earns "good conduct time," he will be released on December 19, 2010; if he does not earn "GCT," he will fully serve the sentence on February 9, 2011.

McIntosh challenges the BOP's decision to afford him only 30 days in a Residential Re-entry Center ("RRC") facility for the last 30 days of his sentence.[1] He insists that this is an inadequate placement to assure his likelihood for a successful re-entry into the community or "even for obtaining adequate medical care. . . for my numerous conditions," which he lists.

Petitioner claims that the 30-day RRC placement is contrary to federal laws. First, it purportedly violates the provisions of the Second Chance Act of 2008, which amended 18 U.S.C. 3624(c) to extend the maximum length of an inmate's RRC placement from 6 months to a full year. Second, the BOP is not making determinations in consideration of the factors set out in another statute, 3621. Further, McIntosh argues, although inmates are supposed to be considered for the full 12-month placement, the BOP is, instead, adhering to a prior policy of providing such a placement for only the last 10% of a prisoner's sentence.

Finally, McIntosh alleges that he has begun the BOP's administrative process for challenging the BOP's decision, by submitting an informal request to staff and an appeal to Warden Hickey, but he asks the Court to not require full exhaustion of the BOP's administrative remedy scheme. He reasons that his sentence is so short, he was and is immediately eligible for an RRC placement. As it is, he is already losing a day in an RRC every day, and exhaustion of the matter by pursuing the

---

[1] Prisoners near the end of their sentences are often placed in RRC's, previously known as Community Corrections Centers (CCC's) or "halfway houses" to live and work, under supervision, in order to facilitate their transition back into the community.

last two steps would take 4-5 months, thus consuming in the prison the majority of the time which he is entitled to spend in an RRC.

## DISCUSSION

The Court is not inclined to waive the requirement that federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Feixian v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981).

The administrative remedies available to inmates confined in Bureau of Prisons institutions, including the instant Petitioner, are not burdensome. The four-tiered scheme is set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a).

For the latter two levels of appeal, if the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, the inmate may appeal to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15 (a) - (b).

As reflected in one of his attached exhibits, the Petitioner knows that the administrative procedure includes established response times. § 542.18. For the last two levels, the Regional Director, 30 days to respond and General Counsel, 40 days. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

According to McIntosh, he has already completed the first half of the administrative system. The time frames discussed above to complete it are not unduly long and could still yield the relief requested. Moreover, for the part of the administrative process that he allegedly completed, he has not supplied any documents, neither his arguments, nor the BOP's responses. It should be remembered that exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). Petitioner McIntosh has not prepared any record for this Court.

The federal courts have also recognized that there are several additional reasons for the exhaustion requirement. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. The Petitioner has failed to present a circumstance calling for a waiver of this important requirement.

Moreover, the Court finds that on the record which Petitioner has submitted, he is not entitled to the relief he seeks. First, he misunderstands the governing statute. The Second

4

Chance Act merely requires that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c); *see also Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2009).

As is obvious from the language of the statute, a federal prisoner, including the instant Petitioner, does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act *allows* the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner an RRC placement term, much less one for 12 months of a prisoner's 13-month sentence. See *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).

In short, the Second Chance Act only directs the BOP to *consider* placing an inmate in an RRC for *up to* a twelve month period. *Demis*, 558 F.3d at 514. Pursuant to the administrative regulations accompanying the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons*, 73 Fed. Reg. 62,440; 62, 441-42 (Oct. 21, 2008).

In making the decision as to the proper placement for an individual prisoner at the end of his term, the BOP has been given the following as the relevant factors:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
 (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

5

> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5). However, on this record, with no administrative remedy documents showing how or why the BOP made the 30-day decision with regard to Inmate McIntosh, it is impossible to conclude that the BOP acted without their consideration.

Also, to give full effect to the Second Chance Act, the BOP must review inmates for RRC placements earlier, 17-19 months before their projected release dates. In this case, the BOP could not have done so, because the length of Petitioner's sentence is only 13 months. Therefore, there is no violation of the letter or spirit of the law shown in this Petition.

In summary, McIntosh enjoys no right to or guarantee of a twelve-month RRC placement term, and there is no indication that the BOP acted contrary to the applicable statutes. Therefore, his § 2241 Petition will be dismissed.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1) The instant 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus of Darvis G. McIntosh, Jr., R. 2, is **DENIED.**

(2) This action is **DISMISSED**, *sua sponte*.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 17th day of May, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge